By the Court, Bronson, J.
The district attorney drew his indictments with so much care, and skill that he is unable to *403 swear he found it necessary in all cases to make engrossed copies to be laid before the grand jury; and' because he cannot swear to the engrossing, it is said that he cannot rightfully charge for any thing more than the draft. The words of the statute are—“ for drawing every indictment &c. twenty-two cents for each folio, and fifteen cents per folio for engrossing the same.” [Stat. 1839, p. 340, § 1.) In this state there has always been a fee bill for attorneys between party and party, and down to the year 1840, their services for preparing papers were compensated by allowing a certain sum by the folio for drawing, and another sum by the folio for engrossing or copying the same paper. Under those provisions the uniform, practice has been to allow for draft and copy,- without any reference to the question whether a copy was in fact made. It has been supposed that, by allowing certain sums for drawing and engrossing a pleading or other paper, the legislature intended the attorney should have the aggregate of the two sums for perfecting the paper, whether that end was attained by a single effort, or whether it cost the attorney a dozen trials before the writing was in a proper condition to be used. A different construction necessarily supposes that the legislature intended to offer a reward for negligence and want of skill. If the attorney is so careless or ignorant in the discharge of his duty as to make a copy necessary, he shall have 37 cents per folio for preparing papers; but if he is a man of such learning, industry and skill that he can produce a perfect paper with a single effort, he shall have but 22 cents by the folio for his services. It is difficult to suppose that such was the intention of the legislature. But whatever might have been thought of the question at the first, it is enough that the construction of statutes containing the same provision as the act of 1839 has been long settled.
There is no difference in principle between the case of a district attorney, and that of an attorney between party and party. The legislature has been more careful to guard against overcharges in the one case than it has been in the other. But neither the óne officer nor the other ever had the right to charge for services which were not actually rendered. Neither can *404 charge for engrossing or copying a paper under the notion that he is entitled to pay for fictitious or constructive services. But when a paper has been brought to a perfect state for its intended use, the attorney may charge for engrossing as well as the draft, for the reason that both services have actually been performed.
Motion denied.(a)

«) This case was argued at the special term in February, 1844, but was not decided until the general term in July following.